IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Herrera-Roman,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Louis Winn, Custodian of USP Tucson,<br><br>　　　　Respondent. | No. CV-14-2121-TUC-RM (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a Second Amended Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241 filed by David Herrera-Roman on January 27, 2015. (Doc. 26) Herrera-Roman claims he is entitled to 260 days credit for time spent in pre-trial custody.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for Report and Recommendation. The petition should be denied on the merits. Herrera-Roman is entitled to 259 days of pre-sentence credit, and the Bureau of Prisons (BOP) has already given it to him.

Background

Herrera-Roman was arrested on October 19, 2010. (Doc. 30, p. 2) He was convicted of attempted entry after deportation and sentenced to 57 months imprisonment and 3 years supervised release on July 5, 2011. *Id.* On February 6, 2015, Herrera-Roman's sentence of

incarceration expired, and he was released to the custody of Immigration and Customs Enforcement agents pending deportation. (Doc. 30, p. 35)

Previously, on January 27, 2015, Herrera-Roman filed the pending second amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 26) He claims he is entitled to 260 days of pre-trial credit. *Id*.

The respondent filed an answer on February 17, 2015. (Doc. 30) He argues the petition should be dismissed for failure to exhaust administrative remedies or because it is now moot. (Doc. 30) He argues in the alternative that the petition should be denied on the merits. *Id*.

Herrera-Roman did not file a timely reply.

Discussion

Herrera-Roman claims he is entitled to 260 days of pre-trial credit. The respondent argues as a preliminary matter that the petition should be dismissed for failure to exhaust.

As a prudential matter, habeas petitioners are required to exhaust their administrative remedies before filing their petition. *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004). This requirement is not jurisdictional, but it serves three important functions: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.*

Sentencing credit is calculated by the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333 (1992). An inmate seeking review of any aspect of imprisonment, including the sentencing calculation, may use the three-step process established by the Bureau of Prisons:

> [A] prisoner first complains to the Warden (on a BP-9 form) and may appeal to the Bureau's Regional Director (on a BP-10). If the prisoner is not satisfied with the Regional Director's decision, the prisoner may appeal to the General Counsel's Office (on a BP-11).

*Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994).

In this case, Herrera-Roman concedes he did not complete his administrative appeals. He asserts, however, that this failure was not his fault. He asked for a BP-9 form to pursue his appeal, but his request was denied. (Doc. 26)  The court finds that even if Herrera-Roman's failure to exhaust is excused, the petition still should be denied on the merits.

The respondent further argues the petition should be dismissed as moot citing *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010)  (*abrogated on other grounds by Setser v. United States*, __ U.S.__, __, 132 S. Ct. 1463, 1473 (2012)) and *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005).  These cases stand for the proposition that a habeas petition challenging a sentencing calculation ordinarily becomes moot when the petitioner is released from physical custody. *Id*.  The petition is not moot, however, if the released petitioner begins serving a term of supervised release. *Id*.  A petitioner on supervised release could not get his sentence of imprisonment reduced because it already had been served, but he might get his term of supervised release shortened. *Id*.

Here, the respondent argues Herrera-Roman's petition is indeed moot because he was released from physical custody *and* his term of supervised release was waived when he was deported.  Accordingly, the resolution of the petition cannot affect him.  The court, however, does not agree that Herrera-Roman's term of supervised release was canceled upon his deportation.

The sentencing documentation contains the following phrase describing a special condition of his 3-year term of supervised release:

> If deported, excluded, or allowed to voluntarily return to Mexico, not reenter the United States illegally and report to the probation officer with[in] 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

(Doc. 30, p. 31)  The respondent argues the phrase "supervision waived upon deportation" indicates that Herrera-Roman's term of supervision is now over because he has been deported. The court does not agree. If that were so, then the preceding clause, "report to the probation officer with[in] 24 hours of any reentry to the United States," would have no meaning. Read in context, the phrase "supervision waived upon deportation" means simply that the probation

- 3 -

1 department will not actively monitor Herrera-Roman while he is out of the country. The
2 supervised release conditions would reappear however if he reentered the country during his 3-
3 year term. Herrera-Roman's 3-year term of supervised release may be dormant, but it has not
4 been canceled. His petition is not moot.

5 Finally, the respondent argues the petition should be denied on the merits. The court
6 agrees. Herrera-Roman has received all the pre-sentence credit to which he is entitled.

7 Pre-sentence credit is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent
8 part as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

15 18 U.S.C. §3585(b).

16 In this case, Herrera-Roman's detention began on October 19, 2010, the date he was
17 arrested. (Doc. 30, p. 2) He was sentenced on July 5, 2011. *Id*. Assuming Herrera-Roman's
18 sentence commenced on the day he was sentenced, he is entitled to pre-sentence credit for 259
19 days – October 19, 2010 to July 4, 2011, inclusive.

20 It appears that the BOP at one time gave Herrera-Roman credit for only 258 days. *See*
21 (Doc. 26, Exhibit 1(a))  (sentence monitoring data, February 6, 2012)  The BOP has since
22 amended their calculation, and now has given Herrera-Roman credit for the full 259 days.
23 (Doc. 30, p. 37)  (sentence monitoring data, December 16, 2014)  The BOP's amended
24 calculation is correct.

25 Herrera-Roman argues he is entitled to 260 days of pre-trial credit. He does not explain
26 how he arrives at this number. Apparently, at one point a probation officer stated he believed
27 that Herrera-Roman would get pre-sentence credit for 260 days. (Doc. 17-1, p. 4)  Herrera-
28 Roman asserts this officer is correct, but there is no way of knowing how that probation officer

made his calculations. Without more, the court is unable to understand Herrera-Roman's claim that he is entitled to credit for 260 days.

The court concludes that Herrera-Roman is entitled to 259 days of pre-sentence credit, and the BOP credited him with the full 259 days. The petition should be denied on the merits.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 31st day of March, 2015.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge